THE PEOPLE *ex rel.* John J. Healy, State's Attorney, Relator, *vs.* ARTHUR PATTISON, Respondent.

*Opinion filed June 16, 1909—Rehearing denied October 6, 1909.*

ATTORNEYS AT LAW—*attorney who uses client's money should be disbarred.* An attorney who collects money for a client should pay it over promptly, and if he uses it for his own purposes he is guilty of unprofessional conduct justifying his disbarment; and the fact that at the time he used the money his credit at the bank was greatly damaged by depreciation in value of securities he had given the bank as collateral is no excuse.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

CHARLES HUGHES, for respondent.

Mr. JUSTICE DUNN delivered the opinion of the court:

An information was filed against the respondent for his disbarment for having appropriated to his own use and failed to pay to his client money collected for the latter.

The respondent was admitted to the bar in June, 1892. He was then, and for some years afterwards, engaged in teaching and did not begin the practice of his profession until 1902, when he engaged in the collection business. In December, 1902, the Columbia Shade Cloth Company, through its agent, delivered to him for collection an account against L. Tozer & Son, of San Francisco, for $2973.41. Through a correspondent in San Francisco he effected a settlement, and on May 30, 1903, received as the proceeds of the collection two checks, amounting to about $2100, which he deposited in his bank, receiving credit therefor in his individual account. On May 29 the respondent's balance at the bank was $135.35. During the month of June he drew checks on this account until it was reduced to $8.56, which was his balance on July 1. No part of this money was paid to the Columbia Shade Cloth Company and no payment has since been made to it except $15 paid on October 3, 1904, and $7 paid at a later date. Respondent rendered services to the Columbia Shade Cloth Company on other claims, for which he charged between $30 and $40, and he made an assignment to it of a life insurance policy which was subject to a prior lien, which policy was canceled, leaving a balance, after payment of the prior lien, of $33.20, to which the company was entitled. In August, 1903, the respondent gave to McDonald, the agent of the Columbia Shade Cloth Company, his check for $1899.86 to pay its claim, but he had no money in the bank to meet the check and requested McDonald to hold it a few days, telling him he would notify him when to present it. This check was not paid though McDonald frequently requested respondent to arrange for its payment, and finally, in August, 1904, respondent gave his note for it, which was renewed, with his wife as surety, in December, 1904, and has never been paid. The evidence does not disclose with certainty what compensation respondent was entitled to retain, but it is not questioned that there is a considerable

sum due to the Columbia Shade Cloth Company which it has not been able to get from him.

The respondent's position is, that about the time he received the money his credit at the bank became greatly damaged by the depreciation of certain securities which he had deposited with the bank as collateral; that the company permitted him to retain the money, and that the fiduciary relation by virtue of which he received the money was so modified by the action of the parties that his relation to the Columbia Shade Cloth Company became, as to this transaction, merely that of a debtor. There is no evidence whatever to sustain the latter contention. There is nothing tending to show any agreement or understanding, express or implied, for any extension of credit to the respondent. On the contrary, McDonald frequently requested payment, with no result for fifteen months after respondent received the money. The question of his credit at the bank is entirely immaterial, for he needed no credit to pay over to his client the money received for it.

There is no justification for respondent's conduct. By virtue of his license to practice law he received the trust and confidence of his client, and the relation between them required of him at least common honesty. He had no right to use his client's money, collected by him as an attorney, for his own purposes. He should have paid it over promptly. His failure to do so was a gross breach of his professional duty and such misconduct in his office as shows him to be unworthy of a license to practice law in the courts.

The rule will be made absolute.

*Rule made absolute.*