(No. 36268.

*In re* MICHAEL JAMES FUMO, Attorney, Respondent.

*Opinion filed May 19, 1961.—Rehearing denied September 20, 1961.*

J. R. CHRISTIANSON, of Chicago, *amicus curiae.*

EDMUND J. BURKE, of Chicago, for respondent.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is a disciplinary proceeding against the respondent, Michael James Fumo, an attorney, under our Rule 59. The

findings of the committee on grievances of the Chicago Bar Association, as commissioners of this court, were that respondent commingled $6000 of a client's funds with his own and converted such funds to his own use. The committee recommended disbarment and the board of managers, as commissioners, altered the recommendation to suspension for five years. The record shows, and respondent's counsel candidly admitted in oral argument, that there was commingling and conversion.

It is only necessary, therefore, to review the evidence to ascertain the discipline to be administered. Early in 1957 respondent was retained by one Emil Bertolozzi to initiate a tax foreclosure on a property in Chicago. During that year Bertolozzi advanced $3500 to respondent in three installments and on April 9, 1958, he advanced an additional $2500. Such advances were to cover fees, taxes, costs and expenses. The first $1500 was deposited by respondent in an escrow account he had with another attorney. Shortly thereafter the account was closed and the money was paid to respondent, who deposited it to his own account. The remaining three installments were likewise deposited by respondent in his personal checking account. In September, 1959, Bertolozzi found that none of the taxes had been paid and that tax foreclosure proceedings had not been instituted. In December, 1959, respondent gave him checks for $3000, $1000 and $2000. Two were paid but the one for $2000 did not clear, apparently because respondent's bank account had been attached. On January 14, 1960, respondent gave him checks for $1300 and $700 for the $2000 check. These checks were returned unpaid because of insufficient funds. Restitution was completed on April 6, 1960, when the remaining $2000 was repaid. There were times during the period between the advancement and repayment when respondent's personal bank account was entirely devoid of funds.

Wrongful conversion of a client's funds to his own use

is a flagrant violation of an attorney's oath and cannot be condoned or countenanced. It tends to defeat the administration of justice and to bring the legal profession into disrepute. (*In re Abbamonto,* 19 Ill.2d 93; *In re Rosenberg,* 413 Ill. 567.) Respondent wrongfully converted funds to his own personal use and must be disciplined.

It is suggested that in the absence of a continued course of misconduct there should be no discipline beyond censure. This court has always reserved the right to administer such discipline as seems to be warranted on the facts before it whether for a series of acts or a single act of misconduct. In fact, the extreme penalty of disbarment for a single act of conversion has been applied in some cases. See: *People ex rel. Chicago Bar Ass'n* v. *Hachtman,* 350 Ill. 326; *People ex rel. Healy* v. *Pattison,* 241 Ill. 89; *In re Yablunky,* 407 Ill. 111.

Respondent's version of the only disputed facts is less plausible than that of the Bertolozzis. He maintains that his fees and the total amount necessary to remove the tax liens, which he estimated at $8957.26, were to be advanced to him prior to filing the proceedings, while Bertolozzi and his wife testified that suit was to be instituted upon payment of the initial deposit. The Bertolozzis also testified that respondent had advised them suit had been filed. This he denied. It was most unusual to require the advancement of all the funds before proceeding. Admittedly the parties talked about the matter a number of times. If the larger amount was to have been advanced, it is strange indeed that respondent did not ask for further advances in the 1½ years between the final payment and the demand for a return of the advances. He knew the delay was disadvantageous to his client because of mounting penalties and costs.

*Amicus curiae,* recognizing that the degree and amount of discipline to be invoked rests with us, has very fairly directed attention to mitigating circumstances. He points out that full restitution was made, that the client was not

charged for services previously rendered in connection with acquisition of the property and that respondent never claimed any part of the $6000 as his own, nor sought to settle for anything less than the full amount.

We have taken all of this into consideration, together with the candor of respondent's counsel particularly in his reply brief and oral argument, and the fact that respondent has otherwise maintained a good reputation for honesty and integrity since his admittance to practice in 1954. We agree with the commissioners that suspension is appropriate. Respondent is hereby suspended from the practice of law for a period of two years.

*Respondent suspended.*