166 So.2d 869

**CITY OF MONTGOMERY et al.**

**v.**

**C. P. ROBBINS.**

**3 Div. 97, 97–A.**

Supreme Court of Alabama.

June 30, 1964.

Rehearing Denied Aug. 27, 1964.

**30**

Walter J. Knabe and Horace Perry, Montgomery, for appellants.

Goodwyn & Smith, Montgomery, for appellee.

SIMPSON, Justice.

This is an appeal from a decree of the Circuit Court of Montgomery County, in Equity, granting a permanent injunction against appellants for refusing to issue permits for construction of dwellings in the City of Montgomery pursuant to plans and specifications which are the heart of this controversy. The lower court first granted a temporary injunction restraining the building inspector from refusing the building permits and subsequently made the injunction permanent.

Appellee is a duly licensed building contractor in the City of Montgomery, and filed a verified bill of complaint alleging

that appellant, A. T. Sullivan, in his capacity as building inspector of the City, had illegally, arbitrarily, and without just cause interpreted Ordinance No. 22–63 of the City so as to prohibit construction of residential dwellings in accordance with plans as set forth in the complaint. The bill prayed that a temporary writ of injunction issue ordering appellant Sullivan to approve the completion of two partially constructed houses which had been previously approved but which approval had been withdrawn. The bill further prayed that a decree under the Declaratory Judgment Act be rendered determining that said ordinance does not prohibit the construction of dwellings in accordance with the controversial plans and specifications and that Sullivan be permanently enjoined from failing to approve such plans. The bill was amended to include five additional houses then under construction, and six houses which appellee was under contract to construct.

It is the position of appellants that the controversial plans and specifications do not comply with the Building Code (22–63) of Montgomery, and that appellee violated the code by: the construction of walls without supporting studs, the lack of the required framing around doors and the lack of a 2 x 4 inch plate above and below the walls.

The basic disagreement between the parties relates to the traditional method of constructing walls, i. e., the stud wall method with the 2 x 4's used vertically with some material such as sheetrock or gypsum on one or both sides thereby creating a wall; and the innovation sought to be used by appellee, i. e., a partition of solid ¾ inch plywood used instead of the stud wall on what are known as non-loadbearing walls, the plywood being substituted in place of the more bulky and space consuming stud walls. Appellants contend that the plywood wall does not meet the specifications of the building code.

It was noted that the Federal Housing Authority and Veterans Administration,

which agencies insured many of the mortgage loans on the dwellings with the plywood walls, had both approved the method of construction and had made numerous commitments for loans on such dwellings. It was also shown that such dwellings were much in demand. Also, the only apparent reason for utilizing such method of construction was to give added floor space in these dwellings, as the cost was practically the same.

Appellee is not insisting upon a declaration of invalidity of the ordinance involved, but rather argues that the material and procedure which is the subject of the controversy is an alternate material and process which can be used in compliance with the code in the construction of non-loadbearing walls. Appellant takes the position that since the use of the material and process is not provided for by the building code it is therefore prohibited by it. In fact the building inspector, Appellant Sullivan, testified that the permit was not issued because the material and mode of construction was "not approved by the code".

It seems to us that the trial court correctly stated the controversy as follows:

"As the Court views this case, the sole question is whether or not the materials used and the mode of construction employed is as adequate as other methods of construction provided for in the code."

We must agree with this appraisal of the issues. Section 103.6 of the Building Code provides as follows:

" 'Section 103.6—Alternate Materials and Alternate Methods of Construction. The provisions of this code are not intended to prevent the use of any material, or method of construction not specifically prescribed by this code, provided any such alternate has been approved and its use authorized by the Building Official. The Building Official shall approve any such alternate, provided he finds that the proposed design is satisfactory and complies with

the provisions of Chapter XII, and that the material, method, or work offered, is for the purpose intended, at least the equivalent of that prescribed in the code in quality, strength, effectiveness, fire resistance, durability, and safety * * *.' "

It appears then that the situation evolves itself into a simple question of fact. Is the proposed material and mode of construction as adequate as the materials and methods specifically provided for in the building code? Under the terms of the code this depends upon whether the material and process is equivalent in quality, strength, effectiveness, fire resistance, durability and safety. If so, it should have been approved.

Most of the evidence adduced at the trial of this case concerned this issue. The evidence was somewhat conflictory. After hearing the testimony, the trial court made the following findings of fact:

"The testimony in this case showed that with regard to fire resistance that there is no appreciable difference between the fire resistance of a ¾ inch plywood partition or wall and a stud wall unless said stud wall is protected by sheetrock or some other less combustible material. The Court finds therefore with regard to safety from fire that a ¾ inch plywood partition or wall is as adequate as other methods which are allowed and permitted by the code.

"There is no contention made by the Respondent, City of Montgomery or Sullivan, that a ¾ inch plywood partition or wall does not offer sufficient sound proofing. In fact, Respondent Sullivan testified that he was not concerned with any noise problem.

*    *    *    *    *    *

"It is the opinion of the Court that the mode of construction proposed by Complainant's Exhibit 7 (the plans and specifications the subject of the contro-

versy) using ¾ inch plywood, where shown, and 2 x 4 'blocking', where shown, is equal to the requirement of the Code for construction of such walls."

 After a reading of the testimony we are in agreement with the trial court. There is no question of safety involved since it was conceded that these are non-loadbearing walls. In fact the building inspector testified that he would approve the plans if they provided for no wall at all where the controverted walls are situated. The fire resistance of each material seems to be about the same. It would appear then that the proposed material and mode of construction is a permissible alternate under the code. The trial court so found, and since it is purely a question of fact, every presumption should be indulged in favor of his findings. This proposition is so well settled as to need no citation of authority. So we affirm the holding of the trial court.

For a clear understanding of the position which we take in this case attention is called to the case of McCray, et al. v. City of Chicago, 292 Ill. 60, 126 N.E. 577, which is factually quite similar. In that case the ordinance in question did not provide for alternate materials and modes of construction. Upon proof that the proposed material and method was as adequate as that specifically provided for (incidentally the innovation which was urged as being adequate in that case was stud walls and sheetrock, where the code specified for plaster walls only) the court was compelled to invalidate the ordinance as being unreasonable in that it amounted to an unfair discrimination against all methods and materials other than that provided. To adopt the constricted construction of the building code in this case which is urged by appellants would be to read into the ordinance an unreasonableness which was not intended.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.