I agree that the trial judge erred in treating this case as a zoning case instead of a declaratory judgment action questioning the power of the City to issue a building permit that arguably violates one of the City's own ordinances.
The basic legal issue presented is not unlike the issue presented in City of Montgomery v. Robbins, 277 Ala. 29,166 So.2d 869 *Page 45 
(1964), wherein this Court affirmed a judgment of the Circuit Court of Montgomery County permanently enjoining the City of Montgomery from refusing to issue permits for construction of dwellings in the City of Montgomery pursuant to plans and specifications that the builder contended complied with the City's building code, but which the City's building inspector refused to approve, saying that those plans did not comply with the Code.
In that case, Robbins, a duly licensed building contractor in the City of Montgomery, filed a complaint alleging that the building inspector of the City had illegally, arbitrarily, and without just cause interpreted Ordinance No. 22-63 of the City so as to prohibit construction of residential dwellings in accordance with plans set forth in the complaint. The basic disagreement between the builder and the City related to the traditional method of constructing walls, i.e., the stud wall method with the 2 x 4's used vertically with some material such as sheet-rock or gypsum on one or both sides, thereby creating a wall; and the innovation sought to be used by the builder, i.e., a partition of solid 3/4 inch plywood used instead of the stud wall on what are known as non-loadbearing walls, the plywood being substituted in place of the more bulky and space-consuming stud walls. The City contended that the plywood wall did not meet the specifications of the building code.
In City of Montgomery v. Robbins, this Court affirmed the trial court's issuance of an injunction, stating, as follows:
 "[The builder] is not insisting upon a declaration of invalidity of the ordinance involved, but rather argues that the material and procedure which [are] the subject of the controversy [are] an alternate material and process which can be used in compliance with the code in the construction of non-load-bearing walls. Appellant takes the position that since the use of the material and process is not provided for by the building code it is therefore prohibited by it. In fact the building inspector, Appellant Sullivan, testified that the permit was not issued because the material and mode of construction [were] 'not approved by the code'.
 "It seems to us that the trial court correctly stated the controversy as follows:
 " ' "As the Court views this case, the sole question is whether or not the materials used and the mode of construction employed [are] as adequate as other methods of construction provided for in the code.' "
 "We must agree with this appraisal of the issues. Section 103.6 of the Building Code provides as follows:
 " ' "Section 103.6 — Alternate Materials and Alternate Methods of Construction. The provisions of this code are not intended to prevent the use of any material, or method of construction not specifically prescribed by this code, provided any such alternate has been approved and its use authorized by the Building Official. The Building Official shall approve any such alternate, provided he finds that the proposed design is satisfactory and complies with the provisions of Chapter XII, and that the material, method, or work offered, is for the purpose intended, at least the equivalent of that prescribed in the code in quality, strength, effectiveness, fire resistance, durability, and safety * * *.' "
 "It appears then that the situation evolves itself into a simple question of fact. [Are] the proposed material and mode of construction as adequate as the materials and methods specifically provided for in the building code? Under the terms of the code this depends upon whether the material and process [are] equivalent in quality, strength, effectiveness, fire resistance, durability and safety. If so, [they] should have been approved."
277 Ala. at 31, 166 So.2d at 871.
It appears to me that the facts of this case are substantially similar to the facts in City of Montgomery v.Robbins, and that the trial court incorrectly considered the case to involve a zoning issue, when, in fact, the plaintiffs were seeking a declaration of their rights under an existing ordinance. *Page 46